IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 10, 2005 Session

## CITY OF OAK RIDGE v. DIANA RUTH BROWN

**Appeal from the Circuit Court for Anderson County**
**No. A3LA0578     James B. Scott, Jr., Judge**

_____

**No. E2004-01574-COA-R3-CV  - FILED AUGUST 19, 2005**

_____

Diana Ruth Brown ("the defendant") was stopped by a City of Oak Ridge police officer and cited for speeding. Following an adverse decision in municipal court, the defendant appealed to the trial court. The trial court ruled that the defendant could not pursue, in the trial court, her assertion and defense that the posted speed limit of 45 mph was not legally established. Subsequently, that court found her guilty of speeding and imposed its judgment. The defendant appeals. Both sides raise issues. We vacate and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

Charles Terry Webber, Knoxville, Tennessee, for the appellant, Diana Ruth Brown.

Kenneth R. Krushenski, City Attorney, and Tammy M. Dunn, Senior Staff Attorney, Oak Ridge, Tennessee, for the appellee, City of Oak Ridge, Tennessee.

**OPINION**

I.

On July 11, 2003, the defendant was driving on South Illinois Avenue near Bethel Valley Road in Oak Ridge when she was stopped by a city police officer. He cited her for speeding, *i.e.*, going 67 mph in a 45 mph zone. It is undisputed that South Illinois Avenue is a state highway, namely State Route 62.

On September 8, 2003, the defendant was convicted of speeding in the Oak Ridge Municipal Court and fined $30 and costs. She appealed her conviction to the trial court. In the trial court, the defendant asserted that the posted speed limit on State Route 62 had not been established in

compliance with applicable law. The trial court refused to permit the defendant to pursue her argument, opining that it did not have jurisdiction to entertain such a defense:

> [M]y ruling was that this belongs in Chancery Court in Davidson County. I don't set the policy as it relates to those things. And I really don't think it's an issue that addresses itself to the venue. State matters, just like some of the other matters that we deal with, it's usually the Chancery Court on policy dealing with setting speed limits and whether or not there has been a violation of the discretion as it relates to that. So the issue I have within my control has to do with the speeding. The other things have to do with whether or not this policy of the State of Tennessee was one that should have been exercised as it was.

Following a bench trial, the court found the defendant guilty of speeding and imposed a fine of $15 and costs. From this judgment, the defendant appeals.

## II.

While the parties argue a number of legal issues, we believe the dispositive issue in this case is whether the defense asserted by the defendant – that the posted speed limit was not legally established – is a defense that can be asserted in a case involving a charge of driving at a speed in excess of a posted speed limit.[1] This is a question of law; hence, our *de novo* review is undertaken with no presumption of correctness as to the trial court's judgment. ***Ganzevoort v. Russell***, 949 S.W.2d 293, 296 (Tenn. 1997).

## III.

It is axiomatic that a defendant has a right to attempt to prove a properly-asserted, legally-recognized defense to an action asserted against the defendant. Thus, we must decide if the defense asserted by the defendant is a bar to the speeding violation with which she was charged.

---

[1] The speeding citation in this case specifically charges that the defendant committed the "offense" of "speeding 67 mph in 45 mph zone." The City's brief does not *expressly* argue that, regardless of whether the posted 45 mph speed limit was validly established or not, the defendant's speed, *i.e.*, 67 mph, nevertheless still exceeded the maximum speed permitted on a state highway of the type of South Illinois Avenue; and that she can, as a consequence of this fact, still be found guilty of "speeding." *See* Tenn. Code Ann. § 55-8-152(a) & (c) (2004). *Cf.* ***Commonwealth v. Kondor***, 438 Pa. Super. 147, 651 A.2d 1135 (Pa. Super. Ct. 1994). Since the parties disagree sharply as to whether South Illinois Avenue is a "controlled-access highway," *see* Tenn. Code Ann. § 55-8-152(c), and since the City does not make the argument alluded to above, we decline to address the issue of whether the defendant can be found guilty of "speeding" in the absence of a validly-established 45 mph speed zone. However, we would again note that the defendant was specifically charged with driving at a speed in excess of that permitted by a "45 mph zone."

If there is a posted speed limit, and no question is raised as to whether that posted speed limit was properly established, there is a presumption of regularity and validity; in such cases, proof of the posted speed limit gives rise to a rebuttable presumption of validity. **Thomas v. Harper**, 385 S.W.2d 130, 138 (Tenn. Ct. App. 1964). However, we have recognized that the posting of a speed limit must be pursuant to "statutory authority":

> Where there is evidence of a posted speed limit and no question is made as to its regularity or validity there is a presumption that the posted speed is in compliance with the law. However, if the posted speed sign was placed without statutory authority, the failure of a motorist to heed its restrictions could be negligence but he should not be penalized with the consequences of the rule of negligence *per se* of violating a statute, since a statutorily established speed limit prevails over speed signs erected without statutory authority.

**Johnson v. Calfee**, No. 118, 1988 WL 36472, at *1 (Tenn. Ct. App. E.S., filed April 21, 1988) (internal citations omitted).

**Johnson** involved a complaint seeking damages for injuries sustained in a motor vehicle accident. **Id.** The defendant's principal defense was that the plaintiff was driving recklessly and speeding. **Id.** The speed limit on the road where the accident occurred was critical to the jury's determination. **Id.**, at *2. A police officer testified that although the speed limit on the road was 55 mph unless "otherwise posted," there was a sign approximately one mile from the accident site indicating that the speed limit was 45 mph. **Id.**, at *1. However, the county court clerk testified that there was no legislative enactment authorizing the reduction in the speed limit along the relevant stretch of road. **Id**. He opined that the speed limit was actually 55 mph. **Id.** Despite a request from the plaintiff that the trial court instruct the jury that the speed limit was 55 mph, the court left the decision of whether it was 55 mph or 45 mph to the jury without furnishing the jury any guiding principles by which to make that decision. **Id.** Since a speed sign enacted without authority cannot be the basis for finding a party guilty of negligence *per se*, we held that the trial court had not properly charged the jury as to the law pertaining to the establishment of a speed limit. **Id.**, at *1-2. *See also* **Deskins v. Williams**, No. 03A01-9701-CV-00023, 1997 WL 559444, at *3 (Tenn. Ct. App. E.S., filed September 9, 1997).

We are not aware of a Tennessee appellate court decision in which a defendant cited for speeding has employed the defense that a posted speed limit was not validly established. However, other states have addressed the use of such a defense in speeding cases.

A Virginia appellate court reversed the judgment of a trial court which had precluded a defendant charged with speeding from presenting evidence that a posted speed limit had not been lawfully established. **Bahen v. City of Hampton**, No. 0436-03-1, 2004 WL 2381375, at *2 (Va. Ct. App., filed October 26, 2004). The trial court had excluded the proffered testimony of a city traffic

engineer who planned to testify that no traffic engineering investigation of the relevant street had been conducted as required by law. *Id.*, at \*1. In holding that the trial court erred in excluding this testimony, the Virginia court stated as follows:

> [A city traffic engineer's] proffered testimony tended to prove, although not conclusively establish, that no traffic or engineering study had been performed as required by Code § 46.2-1300 in order to establish a thirty-mile-per-hour speed limit on West County Street. Thus, the evidence was relevant and admissible, and the trial court erred by ruling that appellant could not challenge the speed limit and by refusing to admit or consider [the traffic engineer's] evidence in order to rebut the presumption [that the speed limit had been legally decreased].

*Id.*, at \*2. *See also* **State v. Morse**, 153 Vt. 651, 572 A.2d 1342 (Vt. 1990) (where city clerk was unable to produce an engineering survey supporting the relevant speed limit, the defendant's conviction for speeding was reversed); **Commonwealth v. Kondor**, 438 Pa. Super. 147, 651 A.2d 1135 (Pa. Super. Ct. 1994) (defendant charged with speeding could prevail if the Commonwealth could furnish no justification for posting a 35 mph speed limit because the department of transportation could not set speed limits arbitrarily).

We find these cases to be persuasive. In the instant case, the defendant attempted to pursue her defense that the speed limit was not properly established according to applicable law. We conclude that the defense asserted by the defendant is an appropriate defense to the speeding charge and that the trial court erred when it concluded that this issue could not be raised in that court. We pretermit all other issues raised by the parties.

We express no opinion as to whether the defendant can establish, to the satisfaction of the trier of fact, that the posted speed limit on State Route 62 was not properly established. As far as the City's burden of proof is concerned, it can rely upon the presumption of validity referred to in *Thomas*. It will be the defendant's obligation to rebut the presumption by proving that the posted speed limit was not properly established. If she fails to satisfy this obligation, the presumption prevails and proof of the posted speed limit establishes the speed limit.

IV.

The judgment of the trial court is hereby vacated, and this case is remanded to the court below for further proceedings in accordance with this opinion. Costs on appeal are taxed to the City of Oak Ridge.

_____
CHARLES D. SUSANO, JR., JUDGE

-4-